Mary Jo O'Neill, AZ Bar #005924
Sally C. Shanley, AZ Bar #012251
Richard Sexton, PA Bar #202584
**EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**
**Phoenix District Office**
3300 N. Central Ave., Suite 690
Phoenix, Arizona 85012
Telephone: (602) 640-5003
Fax: (602) 640-5009
Email:  mary.oneill@eeoc.gov
        sally.shanley@eeoc.gov
        richard.sexton@eeoc.gov

Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Equal Employment Opportunity Commission, <br><br> Plaintiff, <br><br> vs. <br><br> Phoenician Medical Center, Inc. <br><br> Defendant. | **CV** <br><br> **Complaint** <br><br> **(Jury Demand)** |

## NATURE OF THE ACTION

This is an action under Title VII of the Civil Rights Act of 1964, as amended, and Title I of the Civil Rights Act of 1991, 42 U.S.C. § 1981a, against Defendant Phoenician Medical Center, Inc., to correct unlawful employment practices on the basis of sex and retaliation and to provide appropriate relief to Rebecca Lewis, and a class of employees, who were adversely affected by such practices. The Equal Employment Opportunity Commission ("EEOC" or "Commission") alleges that Rebecca Lewis and a class of employees were subjected to unwelcome sexual comments, gender-based comments and conduct by Defendant's managers and/or employees, which created a hostile work

environment because of their sex, female. The Commission further alleges that Defendant had notice of the hostile work environment, and failed to adequately respond. Finally, the Commission alleges that Defendant retaliated against Rebecca Lewis and a class of employees by terminating or taking other adverse action against them for opposing the hostile work environment.

**JURISDICTION AND VENUE**

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to Section 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e-5 (f)(1) and(3) ("Title VII") and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. §1981a.

2. The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the District of Arizona.

**PARTIES**

3. Plaintiff, the Equal Employment Opportunity Commission ("EEOC" or "Commission"), is the agency of the United States of America charged with the administration, interpretation and enforcement of Title VII, and is expressly authorized to bring this action by Sections 706(f)(1) and (3) of Title VII, 42 U.S.C. §2000e-5(f)(1) and (3).

4. At all relevant times, Phoenician Medical Center, Inc., an Arizona corporation ("Phoenician" or "PMC"), has continuously been doing business in the State of Arizona, including Chandler, Arizona and has at all relevant times had at least 15 employees.

5. At all relevant times, Defendant Phoenician has continuously been an employer engaged in an industry affecting commerce within the meaning of Sections 701(b), (g) and (h) of Title VII, 42 U.S.C. §§ 2000e(b), (g) and (h).

## STATEMENT OF CLAIMS

6. More than thirty days prior to the institution of this lawsuit, Rebecca Lewis filed a Charge of Discrimination with the Commission, alleging that the defendant violated Title VII. All conditions precedent to the institution of this lawsuit have been fulfilled.

7. Since at least January 2007, Defendant Phoenician has engaged in unlawful employment practices in violation of Section 703(a) of Title VII, 42 U.S.C. §§2000e-2(a), by allowing its employees, including management level employees, to subject Lewis and a class of female employees to different terms and conditions of employment, including, but not limited to, gender-based hostile work environment and sexual harassment.

8. Phoenician employees, including the Chief Medical Officer ("CMO"), Dr. Richard Demir, initiated the harassing conduct toward female employees and patients and fostered a sexual and gender-based hostile work environment in which managers and/or employees were permitted to harass and intimidate female employees.

9. The sexual and gender-based harassment included serious and repeated acts of verbal harassment of female employees, which included, but were not limited to, the following conduct:

   a. The Chief Medical Officer making frequent and, at times daily, offensive, degrading and derogatory comments to subordinate female employees, such as referring to female staff and patients as "bitches," "fucking whores," "fucking sluts," "fucking cunts," "fat bitches," "little girls," and "dumb bitch."
   b. The Chief Medical Officer making numerous comments of a sexual nature about female employees and patients on a regular basis, including offensive and inappropriate sexual innuendo;
   c. The Chief Medical Officer making numerous comments of a sexual nature about female staff or patients, including the Chief Medical

3

        Officer's statement that he would take a female to the parking lot and bend her over his car;

    d. The Chief Medical Officer making the statement that he would like to use the date rape drug "roofies" so that women could take advantage of him;

    e. The Chief Medical Officer stating that he wanted to send two female receptionists to a bar dressed as tampons to tell female patrons that if they were pregnant they could come to the clinic for medical care, and that if they were not pregnant, they could come to the clinic and he would "take care of that for them;"

    f. The Chief Medical Officer openly talking about opening a 24-hour rape clinic so that when men and women were done at the bar, they could come to the clinic, have sex, and women could be treated for rape at the clinic. The Chief Medical Officer also stated that if someone was unable to "get any" they could come by the rape clinic and "get some;"

    g. The Chief Medical Officer making repeated propositions to female employees and drug company representatives, in the presence of female employees, including use of sexually explicit language;

    h. The Chief Medical Officer making repeated hand gestures symbolizing sexual intercourse.

10. The offensive sexual and gender-based conduct was sufficiently severe or pervasive as to alter the terms and conditions of employment for the female employees subjected to the conduct.

11. The harassment in the workplace created a hostile work environment based on sex, female.

4

12. Defendant knew or should have known of the sexual and gender-based harassment, which created a hostile work environment, and failed to respond in an appropriate manner.

13. Defendant failed to take reasonable preventative and protective measures to promptly address and remedy the sexual and gender-based harassment in the workplace.

14. The effect of the events and conduct described above has been to make Lewis and a class of female employees believe that they had to tolerate sexual harassment and gender-based harassment and that nothing would be done to the alleged harasser if they complained, or they would be retaliated against if they complained.

15. Since at least January 2007, Defendant Phoenician has engaged in unlawful employment practices in violation of Section 704(a) of Title VII, 42 U.S.C. §§2000e-2(a) when Defendants retaliated against Rebecca Lewis and a class of employees, for opposing sexual harassment and/or gender-based harassment. The retaliation included, but was not limited to, the unwarranted discipline and termination of Rebecca Lewis and a class of employees.

16. The effect of the practices complained of in paragraphs 7 through 15 above has been to deprive Rebecca Lewis and a class of employees of equal employment opportunities and otherwise adversely affect their status as employees, because of their sex or because they opposed and/or complained about the hostile work environment.

17. The unlawful employment practices complained of in paragraphs 7 through 15 above were intentional.

18. The unlawful employment practices complained of in paragraphs 7 through 15 above were done with malice and/or with reckless indifference to the federally protected rights of Rebecca Lewis and a class of employees employed by Defendant.

## **PRAYER FOR RELIEF**

Wherefore, the Commission respectfully requests that this Court:

A.   Grant a permanent injunction enjoining Defendant, its officers, successors, assigns, and all persons in active concert or participation with it, from engaging in any unlawful employment practice, including, but not limited to, creating or condoning a hostile work environment based on sexual harassment, gender-based harassment, and/or retaliation.

B.   Order Defendant to institute, implement, and enforce policies, practices, and programs which provide equal employment opportunities for applicants and employees regardless of sex and opposition to discrimination and which eradicate the effects of its past and present unlawful employment practices.

C.   Order Defendant to make whole Rebecca Lewis, and a class of employees, by providing appropriate back pay with prejudgment interest, in amounts to be determined at trial and other affirmative relief necessary to eradicate the effects of its unlawful employment practices, including but not limited to reinstatement or front-pay in lieu of reinstatement.

D.   Order Defendant to make whole Rebecca Lewis, and a class of employees, by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described in paragraphs 7 through 15 above, in amounts to be determined at trial.

E.   Order Defendant to make whole Rebecca Lewis, and a class of employees, by providing compensation for past and future non-pecuniary losses resulting from the unlawful practices complained of in paragraphs 7 through 15 above, including but not limited to, emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, injury to professional standing, injury to character or reputation, anxiety, and humiliation, in amounts to be determined at trial.

F.   Order Defendant to pay Rebecca Lewis, and a class of employees, punitive damages for its malicious conduct and/or reckless indifference described in paragraphs 7 through 15 above, in amounts to be determined at trial.

G. Grant such further relief as the Court deems necessary and proper in the public interest.

H. Award the Commission its costs of this action.

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by this complaint.

RESPECTFULLY SUBMITTED this 28th day of September, 2011.

P. DAVID LOPEZ
General Counsel

EQUAL EMPLOYMENT OPPORTUNITY COMMISSION Salt
131 M Street NE, 5TH Floor
Washington, D.C. 20507-0004

MARY JO O'NEILL
Regional Attorney

SALLY C. SHANLEY
Supervisory Trial Attorney

/s/ Richard Sexton
RICHARD SEXTON
Trial Attorney

EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
3300 N. Central Ave., Suite 690
Phoenix, Arizona 85012
(602) 640-5003

Attorneys for Plaintiff

7